Smeed, J.,
delivered the opinion of the court:
This bill is brought to subject the real estate of the defendant’s testator to the satisfaction of an alleged indebtedness to the complainant, upon an allegation that the personal assets of said estate have been exhausted in the payment of debts. The heirs and devisees of the defendant’s testator, in their answer, deny the exhaustion of personal assets and dispute the justice and validity of the debt claimed by the complainant. The complainant produces and files as evidence of his debt the transcript of a judgment in the circuit comb against the defendant, and the *391 return of nulla bona upon an execution issued thereon, and upon this alone, without an account, the chancellor decreed a sale of the land.
This was error. The statute requires that before the land can be sold the fact must be ascertained that the personal assets have been exhausted. The return of nulla bona in such case, is not sufficient. The master should have been required to report the fact. The decree must be preceded by an investigation of the administrator’s accounts. Code, sec. 2268 [Shannon’s Code, sec. 4001]; Dulles v. Read, 6 Yer., 63, 68.
Let the decree be reversed, and the cause remanded.